Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

Christian Gabroy, Nev. Bar No. 8805
christian@gabroy.com
GABROY LAW OFFICES
170 S. Green Valley Pkwy
Henderson, NV 89012
Tel. (702) 259-7777
Fax. (702) 259-7704

Charles A. Jones, Nev. Bar No. 6698
caj@joneslawfirm.com
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, NV 89521
Tel. (775) 853-6440
Fax. (775) 853-6445

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR F. COYNE., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STATION CASINOS LLC, a Nevada Limited Liability Company, RED ROCK RESORTS, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, et. seq;<br><br>2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br><br>3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution |

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

4) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;

5) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018;

6) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and

7) Breach of Contract.

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff ARTHUR F. COYNE., on behalf of himself and all others similarly situated and alleges the following:

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and others employees similarly situated." Plaintiff has, or will shortly, file with this court a consent to join this action.

2. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e. the failure to properly pay all wages due and there is no conflict between the procedures applicable to the FLSA and State law claims. *Integrity Staffing Solutions, Inc.,* 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

3. Under Nevada State law, an employee and/or former employee has a private cause of action for minimum wages for all hours worked pursuant to Section 16 of Article 15 of the Nevada State Constitution. Article 15, Section 16(B) of the Constitution of the State of Nevada states in relevant part: "An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

4. In addition, this Court has jurisdiction over the Nevada statutory claims alleged herein because the parties seeking to recover unpaid wages have a private right of action pursuant to the Nevada Constitution, Nevada Revised Statute ("NRS") sections 608.050 and 608.140, among others. *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951 (Nev. 2008); *Lucatelli v. Texas de Brazil (Las Vegas) Corp.*, 2012 U.S. Dist. LEXIS 66765, *7 (D. Nev. May 11, 2012) (recognizing that the Nevada Supreme Court stated "it is "illogical" that a plaintiff who can privately enforce a claim for attorneys' fees under NRS § 608.140 cannot privately enforce the underlying claim the fees arose from") (citing *Csomos v. Venetian Casino Resort, LLC*, No. 55203, 2011 Nev. Unpub. LEXIS 1629, 2011 WL 4378744, at *2 (Nev. Sept. 19, 2011)); accord, *Busk v. Integrity Staffing Solutions, Inc.*, 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013)("Nevada Revised Statute § 608.140 does provide a private right of action to recoup unpaid wages.") cert. granted 2014 WL 801096 (Mar. 3, 2014), rev'd on other grounds, No. 13-433, 2014 WL 6885951 (U.S. Dec. 9, 2014); *Evans v. Wal-Mart Stores, Inc.*, No. 14-16566, 2016 WL 4269904 (9th Cir. August 15, 2016) (Terminated employees have a private right of action for statutorily mandated overtime premium pay both as wages and as compensation under NRS 608.040 and 608.050); *see also Doolittle v. Eight Judicial Dist. Court*, 54 Nev. 319, 15 P.2d 684; 1932 Nev. LEXIS 34 (1932) (recognizing that former

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

employees have a private cause of action to sue their employer (as well as third party property owners where the work was performed) for wages and waiting penalties under NRS 608.040 and NRS 608.050).

5. Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in the judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

## PARTIES

6. Plaintiff ARTHUR F. COYNE., (hereinafter "Plaintiff" or "COYNE") is a natural person who was a resident of the State of Nevada at all relevant times herein and was employed by Defendants as a non-exempt hourly employee from on or about April 3, 2006 to on or about June 25, 2015.

7. Defendant STATION CASINOS, LLC., (hereinafter "Defendant" or "Station") is a Nevada limited liability company with its principal place of business at 11011 West Charleston Boulevard, Las Vegas, Nevada. This Defendant is an employer engaged in commerce under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and is an employer under NRS 608.011.

8. Defendant RED ROCK RESORTS, INC., (Hereinafter "Defendant" or "Red Rock") is a Delaware Corporation with its principal place of business located in Las Vegas, Nevada. This Defendant is an employer engaged in commerce under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and is an employer under NRS 608.011.

9. The identity of DOES 1-50 is unknown at the time and the Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Station" herein shall mean "Defendants and each of them."

///

///

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## FACTUAL ALLEGATIONS

10. Station is a gaming, development and management company that owns and operates nine major hotel/casino properties and ten smaller casino properties in the Las Vegas regional market. The hotel/casino properties which are owned and operated by Station include the following: Red Rock Casino, Resort & Spa; Green Valley Ranch Resort, Spa & Casino; Palace Station; Sunset Station; Boulder Station; Santa Fe Station; Texas Station; Fiesta Rancho; Fiesta Henderson; Barley's Casino & Brewing; The Greens Gaming & Dining; Wildfire Boulder; Wildfire Rancho; Wildfire Casino & Lanes; Wildfire Sunset; Wildfire Anthem; Wildfire Valley View; Wildfire Lake Mead; and Wild Wild West. Plaintiff was formerly employed by Defendants as a table games dealer at one of their Las Vegas casino locations.

11. Red Rock was formed as a Delaware corporation in September 2015 to manage and own an indirect equity interest in Station Casinos LLC. Presently, Red Rock holds 100% of the voting interest in Station. Red Rock also controls and operates all of the business and affairs of Station. At all times relevant herein, Red Rock has acted directly and indirectly in the interest of Defendant Station in relation to Plaintiff and all others similarly situated and qualifies as a joint employer with Defendant Station and is therefore subject to individual liability under §203(d) of the Fair Labor Standards Act and 29 C.F.R. §791.2. Red Rock has exercised significant control over the nature and structure of the employment relationship for Plaintiff and all others similarly situated and has also exercised significant economic control over Station and the relationship of Plaintiff and all other similarly situated with Station. Further, Red Rock has approved and ratified all the illegal acts alleged herein.

12. At all times relevant herein, Defendants have employed a number of hourly paid employees at each of their casino/hotel properties, including Plaintiff and all others similarly situated.

13. At all times relevant herein, Defendants have engaged in an illegal, willful and malicious policy and practice of failing to compensate their hourly employees, including Plaintiff and all others similarly situated, working for Defendants at their casino/hotels located in the State of Nevada for all hours worked. This policy and practice was effectuated by

requiring employees to attend a mandatory pre-shift meeting off the clock and without compensation.

14. At the time of his separation of employment from Defendants, Plaintiff was making $7.65 per hour. Plaintiff was scheduled for, eight hour shifts, five days per week, and regularly worked, at least a 40-hour workweek.

## DEFENDANTS' PRE-SHIFT WORK REQUIREMENTS

15. Defendants required all employees who worked as dealers to attend a pre-shift meeting without compensation. These pre-shift meetings are one of the ways that Station communicates to its employees, as stated in the Station Employee Handbook attached to Plaintiff's original complaint as Exhibit B, hereinafter "Handbook" at p. 5, "Pre-shift Meetings (Huddles)." (ECF No. 1 at p. 44.) The pre-shift meetings were held in order to have employees check in with the shift manager and/or supervisor, who would instruct employees on job duties, special events in the area, and at all Station Casino properties, occupancy, and other job related information. Pre-shift meetings could take 10 minutes or more and were held off the clock, i.e., before employees logged in for work using Defendants' automated time keeping system. Despite the fact that Plaintiff and all others similarly situated were performing compensable work during this period, they were not paid for said work by Defendants.

16. Plaintiff and all others similarly situated employees were routinely denied approximately 10 minutes of uncompensated time at least three shifts per week and as many as four shifts per week, each and every week worked. Since Plaintiff and all others similarly situated employees were routinely scheduled for, and indeed worked, at least 40 hours per workweek, the amount of time that was not paid due to Defendants' off-the-clock pre-shift policy, should have been paid at the overtime rate of pay of 1.5 times employees' regular hourly rate. Plaintiff and all others similarly situated employees were thus deprived of thirty (30) to forty (40) minutes of uncompensated time per workweek worked, each and every week worked.

17. For example, Plaintiff was scheduled for and worked 40 hours (not including the pre-shift activities) for the last full workweek of his employment, from on or about June 14 to on or about June 21, 2015. Plaintiff performed the pre-shift activities identified above on four

- 6 -
COLLECTIVE AND CLASS ACTION COMPLAINT

occasions during this workweek but was not compensated his regular or overtime rate for the performance of those activities. As a result, Plaintiff is owed 40-minutes of uncompensated overtime pay, or $7.65, for the performance of those uncompensated work activities.

18. At all times relevant herein, Defendants have maintained a strict attendance policy applicable to Plaintiff and all other similarly situated hourly employees employed by Defendants. Pursuant to Defendants' attendance policy, Plaintiff and all others similarly situated were required to be present at their respective work station(s) and "ready to work" by their scheduled shift start time. Otherwise, Plaintiff and all others similarly situated were deemed to be tardy and in violation of Defendants' strict attendance policy. Violations of Defendants' attendance policy, i.e., being tardy, could result in Plaintiff and all others similarly situated being verbally counseled, written up, and ultimately terminated.

19. At all times relevant herein, Defendants had an agreement with Plaintiff and all others similarly situated to pay an agreed upon hourly wage rate of pay for all hours they worked for Defendants. Indeed, Defendants offered to pay Plaintiff and others similarly situated a specific rate of pay in exchange for their promise to perform work for Defendants. Plaintiff accepted Defendants' offer, showed up for his scheduled shifts, and completed work on behalf of Defendants in exchange for the agreed upon hourly wage. However, Defendants did not pay Plaintiff and all similarly situated employees for all hours they actually worked on Defendants' behalf.

20. The parties' employment agreement necessarily incorporated all applicable provisions of both state and federal law, including the labor laws of the State of Nevada.

21. Terms of Plaintiff's employment contained in Defendants' Handbook given to Plaintiff and all others similarly situated specifically states:

> A. **Employment Status** - All Team Members who are designated as non-exempt are entitled to be paid at least the minimum wage per hour and premium for overtime.
>
> B. **Overtime Pay Procedures** – To meet business schedules and needs, it may be necessary to require Team Members to work overtime. All

overtime work must be approved by your Supervisor in advance. Any Team Member who works unauthorized overtime will be properly compensated for this time but may be subject to coaching or progressive discipline for failing to comply with this policy. All overtime is paid consistently with legal requirements.

  C. **Team Member Work Hours/Work Schedules** – The Company relies on its Team Members to be present and prompt when reporting for work. … It is essential that you adhere to the posted schedule and report to your workstation at your scheduled time. … Changes to a team Member's schedule can only be made with Management approval.

  D. **Recording Work Hours** – The Company's policy requires that all Team Members designated as non-exempt accurately record their hours worked each day and inform Management of any difficulties or problems in doing so. All non-exempt Team Members are responsible for clocking in at the commencement of work and clocking out at the conclusion of work. Additionally, non-exempt Team Members are expected to record any meal breaks. Timekeeping procedures will be explained to new Team Members prior to beginning his or her first shift.…

The Company prohibits all non-exempt Team Members from performing any work without recording their time for payroll purposes (i.e., "working off the clock.") Team Members will not be directed to work off the clock.

  22. At all times relevant herein, Defendants have been aware that their policy and practice of failing to fully compensate Plaintiff and all others similarly situated for all hours worked was illegal. Further, Defendants' practice as set forth herein are anti-competitive in that these illegal practices make one of Defendants' largest cost items, labor, lower than as compared to other casino owners/operators who comply with the labor laws.

### COLLECTIVE AND CLASS ACTION ALLEGATIONS

  23. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

24. Plaintiff brings the action on behalf of himself and all other similarly situated hourly paid employees employed by Defendants in Nevada as both a collective action under the FLSA and a true class action under Nevada law.

25. The **FLSA CLASS** consists of all hourly paid dealers employed by Defendants, in the United States within three years immediately preceding the filing of this action until the date of judgement after trial.

26. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those that he seeks to represent for the following reasons, among others:

    A. Plaintiff seeks preliminary and final certification and requests an order from this court that notice of this action be sent to all prospective FLSA CLASS Members so that they may become party plaintiffs in this litigation pursuant to 29 U.S.C. §216(b) if they so desire.

    B. Defendants employed Plaintiff as a dealer who did not receive compensated for attending mandatory pre-shift meetings.

    C. Plaintiff's situation is similar to those he seeks to represent because Defendants failed to pay Plaintiff and all other FLSA CLASS Members for the time spent attending mandatory pre-shift meetings.

    D. Upon information and belief, Defendants employ, and has employed, in excess of 300 FLSA CLASS Members within the applicable statute of limitations.

    E. Plaintiff has signed a Consent to Join form, which was attached to the original Complaint as Exhibit C.

27. The **NEVADA CLASS** consists of all hourly paid employees employed by Defendants, in the State of Nevada within six years immediately preceding the filing of this action until the date of judgement after trial. The NEVADA CLASS is further divided into the following sub-class:

    A. **WAGES DUE AND OWING SUB-CLASS**: All members of the NEVADA CLASS who are former employees.

28. Rule 23 treatment is appropriate for the Nevada Class and each subclass specified herein for the following reasons:

   A. <u>The NEVADA CLASS and each SUB-CLASS is Sufficiently Numerous.</u> Upon information and belief, Defendants employ, and has employed, in excess of 300 NEVADA CLASS Members and at least several hundred within each sub-class within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the identity and ascertainably of members of the NEVADA Class and each SUB-CLASS as well as their numerosity.

   B. <u>Plaintiff's Claims are Typical to Those of Fellow Class and Sub-Class Members.</u> Each NEVADA CLASS and each Sub-Class Member is and was subject to the same practices, plans, and/or policies as Plaintiff, as follows: (1) Defendants failed to pay new hire employees the Nevada Constitutional minimum wage because of a company-wide policy to pay all new hires less than $8.25 an hour and a company-wide policy of not offering medical insurance to employees until after 90 days of continuous employment; (2) Defendants required Plaintiff and all NEVADA CLASS Members to engage in pre-shift activities without compensation because of a companywide policy of requiring, suffering or permitting employees to perform work off the clock; and (3) as a result of working employees off the clock, Defendants failed to pay Plaintiff and WAGES DUE AND OWING SUB-CLASS Members all wages due and owing at the time of their termination or separation from employment.

   C. <u>Common Questions of Law and Fact Exist.</u> Common questions of law and fact exist and predominate as to Plaintiff and the Nevada class, including all sub-classes, including, without limitation the following: (1) Whether Plaintiff and NEVADA Class Members must be compensated for the mandatory pre-shift meeting; and (2) Whether Defendants delayed final payment to Plaintiffs and

- 10 -
COLLECTIVE AND CLASS ACTION COMPLAINT

WAGES DUE AND OWING SUB-CLASS Members in violation of NRS 608.020-050.

D. <u>Plaintiff Is an Adequate Representative of the Class and each SUB-CLASS.</u> Plaintiff will fairly and adequately represent the interests of the NEVADA CLASS and each SUB-CLASS because Plaintiff is a member of the class and each SUB-CLASS, he has issues of law and fact in common with all members of the class and each SUB-CLASS, and he does not have any interests antagonistic to the members of the class or any SUB-CLASS. Plaintiff and counsel are aware of their fiduciary responsibilities to Members of the class and each SUB-CLASS and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the class and sub-class as a group.

E. <u>Superiority/Predominance.</u> A class action is superior to other available means for the fair and efficient adjudication of their controversy and common questions predominate over individualized issues. Each Member of the class and each SUB-CLASS has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate its employees in accordance with federal and Nevada wage and hour law. The prosecution of individual remedies by each member of the class and each SUB-CLASS will be cost prohibitive and may lead to inconsistent standards of conduct for Defendants and result in the impairment of the rights and the disposition of their interest through actions to which they were not parties.

## FIRST CAUSE OF ACTION

**Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, et seq.**

(On Behalf of Plaintiff and all members of the FLSA CLASS)

29. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

30. Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiff and all FLSA CLASS Members are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

31. 29 U.S.C. § 206(a)(l) states that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and C) $7.25 an hour, beginning 24 months after that 60th day."

32. By failing to compensate Plaintiff and FLSA CLASS Members for the time spent attending the mandatory pre-shift meetings identified above, Defendants failed to pay Plaintiff and the FLSA CLASS Members for all hours worked.

33. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that its policies and practices have been unlawful and unfair.

34. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendants pay Plaintiff and all other members of the FLSA CLASS the minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and all members of the FLSA CLASS)

35. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

36. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

37. By failing to compensate Plaintiff and FLSA CLASS Members for the time spent attending the mandatory pre-shift meetings identified above, Defendants failed to pay Plaintiff and the FLSA CLASS Members for all hours worked.

38. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendants pay Plaintiff and FLSA CLASS Members one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution**

(On Behalf of Plaintiff and all members of the NEVADA CLASS)

39. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

40. Article 15, Section 16(A) of the Constitution of the State of Nevada sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived y agreement between an individual employee and an employer. … An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

41. By failing to compensate Plaintiff and NEVADA CLASS Members any sort of compensation (zero dollars) for the time spent engaging in pre-shift meeting identified above, Defendants failed to pay Plaintiff and NEVADA CLASS Members for all hours worked in violation of the Nevada Constitution. Indeed, zero dollars is less than the Nevada minimum wage of $7.25 per hour worked.

42. There is a two-year statute of limitations for Nev. Const. art. 15 § 16.

43. Wherefore, Plaintiff demands for himself and for NEVADA CLASS Members payment by Defendants at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked for the two years immediately preceding the filing of this complaint until the date of judgement after trial, together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiff and all members of the NEVADA CLASS)

44. Plaintiff realleges and incorporates by the reference all the paragraphs above in the Complaint as though fully set forth herein.

45. NRS 608.140 provides that an "employee" shall have the right to bring suit for unpaid wages. An "employee" in Nevada is any person "in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed."

46. Nevada Revised Statutes ("NRS") 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

47. Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" states: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

48. By failing to compensate Plaintiff and NEVADA CLASS Members for the time spent attending the mandatory pre-shift meetings identified above, Defendants failed to pay Plaintiff and NEVADA CLASS Members for all hours worked in violation of NRS 608.140 and 608.016.

49. Wherefore, Plaintiff demands for himself and for all NEVADA CLASS Members payment by Defendants, payment at the Nevada Constitutional minimum wage, or their regular rate of pay, or any applicable overtime premium rate, whichever is higher, all wages due for the times worked each shift but not paid, for three years immediately preceding the filing of this complaint until the date of judgement after trial, together with attorneys' fees, costs, and interest as provided by law.

## FIFTH CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

(On Behalf of Plaintiff and all members of the NEVADA CLASS)

50. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

51. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

52. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

53. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate

prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work

54. By failing to compensate Plaintiff and NEVADA CLASS Members for the time spent attending the mandatory pre-shift meetings identified above, Defendants failed to pay Plaintiff and NEVADA CLASS Members daily overtime premium pay for all hours worked over eight (8) hours in a workday to those NEVADA CLASS Members who were paid a regular rate of less than one and one half times the minimum wage premium pay and, failed to pay a weekly premium overtime rate of pay of time and one half their regular rate for all members of the NEVADA Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

55. Wherefore, Plaintiff demands for himself and for the NEVADA CLASS Members payment by Defendants at one and one half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday for those class members whose regular rate of pay did not exceed the one and one half the minimum wage set by law, and premium overtime rate of one and one half their regular rate for all class members who worked in excess of forty (40) hours a workweek during the Class Period together with attorneys' fees, costs, and interest as provided by law.

## SIXTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

(On Behalf of Plaintiff and the WAGES DUE AND OWING SUB-CLASS)

56. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

57. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

58. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

59. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

60. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

61. By failing to pay Plaintiff and all members of the WAGES DUE AND OWING SUB-CLASS for all hours worked in violation of state and federal law, at the correct legal rate, Defendants have failed to timely remit all wages due and owing to Plaintiff and all members of the WAGES DUE AND OWING SUB-CLASS.

62. Despite demand, Defendants willfully refuse and continue to refuse to pay Plaintiff and all WAGES DUE AND OWING SUB-CLASS Members.

63. Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050 for all members of the WAGES DUE AND OWING SUB-CLASS together with attorneys' fees, costs, and interest as provided by law.

### SEVENTH CAUSE OF ACTION

**Breach of Contract**

(On Behalf of Plaintiff and the NEVADA CLASS)

64. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

65. At all times relevant herein, Defendants had an agreement with Plaintiff and with every NEVADA CLASS Member to pay an agreed upon hourly wage rate for all hours

they worked for Defendants. Indeed, Defendants offered to pay Plaintiff and NEVADA CLASS Members a specific rate of pay in exchange for Plaintiff and Class Members' promise to perform work for Defendants. That agreement necessarily included the agreement to be paid in accordance with Nevada's wage and hour laws.

66. Plaintiff and every NEVADA CLASS Member were not volunteers. Plaintiff and the Class complied with their obligation each and every day by showing up for work and performing labor for Defendants. Defendants failed in its obligation to pay Plaintiff and NEVADA CLASS Members overtime pay pursuant to Nevada law for all the hours that they worked for Defendants.

67. Defendants breached its agreement with Plaintiff and NEVADA CLASS Members by failing to compensate them for the time spent attending mandatory pre-shift meetings.

68. As a result of Defendants' breach, Plaintiff and NEVADA CLASS Members have suffered economic loss that includes lost wages and interest.

69. The statute of limitations for breach of a written agreement is six years.

70. Wherefore, Plaintiff demands for himself and for NEVADA CLASS Members that Defendants pay Plaintiff and NEVADA CLASS Members their agreed upon rate of pay for all hours worked off the clock during the relevant time period alleged herein together with attorney's fees, costs, and interest as provided by law.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Wherefore Plaintiff, individually and on behalf of all Members of the FLSA CLASS, the NEVADA CLASS and the SUB-CLASSES alleged herein, prays for relief as follows:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA CLASS members so they may participate in the lawsuit;

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

2. For an order certifying the action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of all members of the NEVADA CLASS and each proposed SUB-CLASS;

3. For an order appointing Plaintiff as the Representative of the NEVADA CLASS and each SUB-CLASS and his counsel as Class Counsel for the NEVADA CLASS and each SUB-CLASS;

4. For damages according to proof at the minimum wage rate, the regular rate or the overtime premium rate, if applicable, for payment under Article 15, Section 16 of the Constitution of the State of Nevada, NRS 608.140, NRS 608.016, and NRS 608.018 for all hours worked but not paid;

5. For damages according to proof at the minimum wage rate, the regular rate or the overtime premium rate, if applicable, under federal laws for all hours worked but not paid;

6. For liquidated damages pursuant to 29 U.S.C. § 216(b);

7. For waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

8. For damages pursuant to Defendants' breach of contract;

9. For interest as provided by law at the maximum legal rate;

10. For reasonable attorneys' fees authorized by statute;

11. For costs of suit incurred herein;

12. For pre-judgment and post-judgment interest, as provided by law; and

13. For such other and further relief as the Court may deem just and proper.

DATED: June 8, 2017        Respectfully Submitted,

                                        **THIERMAN BUCK LLP**

                                        /s/ *Mark R. Thierman*
                                        Mark R. Thierman
                                        Joshua D. Buck
                                        Leah L. Jones

                                        Attorneys for Plaintiff